UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES NICHOLSON,<br>    Plaintiff<br><br>v.<br><br>SIO APS and MICHELIN<br>NORTH AMERICA, INC.,<br>    Defendants | Docket No.: 08-cv-40173-FDS |

## PETITION FOR APPROVAL OF SETTLEMENT
## PURSUANT TO M.G.L. C. 152, §15

The parties to the above matter and Liberty Mutual Insurance Company ("Liberty Mutual"), (collectively, the "Petitioners"), respectfully petition this Court for approval of the settlement of the claims asserted by the plaintiff, James M. Nicholson ("the plaintiff") against the defendants, SIO APS and Michelin North America, Inc. (collectively, "the defendants"), for the sum of Two Hundred and Seventy-Five Thousand Dollars ($275,000.00). In support of this petition, the petitioners represent as follows:

1. The plaintiff, a maintenance mechanic employed by Tire Centers, LLC in Millbury, MA, was injured on or about July 8, 2006 when his left hand became caught in a tire treading machine manufactured by SIO APS and distributed by Michelin North America, Inc. As a result of the accident, the plaintiff suffered severe lacerations and crush injuries to the middle and ring fingers on his left hand, which required surgical repair. Approximately one year later, the plaintiff's middle finger had to be surgically amputated due to his ongoing complaints of pain.

2. By his Complaint, the plaintiff seeks to recover against the defendants on theories of breach of warranty and negligence. The plaintiff alleges that the tire treading machine had design defects because it was not equipped with adequate safeguards which would have prevented users of the machine from injuring themselves by having their hands caught in the blades of the machine, which the plaintiff alleges continued to move after the machine was turned off. Specifically, the plaintiff alleges that the tire treading machine was dangerous and defective because it did not contain an adequate guard which was controlled by an interlock which would have prevented foreseeable users like himself from gaining access to the machine's blades while they were still in motion. The plaintiff also alleges that the tire treading machine lacked adequate warnings notifying users that the blades were moving even after the machine was turned off. The plaintiff contends that these design defects caused his work-related accident on July 8, 2006.

3. The defendants deny all of the plaintiff's allegations, and assert that the tire treading machine did not have any design or manufacturing defects. The defendants also deny that they were negligent. The defendants further contend that the plaintiff's accident was caused by his own negligence in failing to follow appropriate safety procedures while

working on the tire treading machine, and also by his employer's failure to train him on how to safely service the machine.

4. As a result of the plaintiff's accident, Liberty Mutual has paid the plaintiff workers compensation benefits totaling $118,958.38 consisting of $15,286.34 in medical benefits and $103,672.04 in indemnity payments which included a lump sum settlement of $60,000.00. Liberty Mutual has agreed to compromise its lien in the amount of $4,375.06 (from $118,958.38 to $114,583.32) so that it receives a net payment of $75,000.00 from the settlement proceeds.

5. Sullivan & Sullivan, LLP has represented the plaintiff throughout this litigation, and has a 33 1/3% contingency fee agreement with the plaintiff, which the plaintiff understands is the normal and customary contingent fee for product liability cases such as this one. As a courtesy, Sullivan & Sullivan, LLP has agreed to reduce its Contingent fee to 32.17%.

6. The total expenses incurred for prosecuting the product liability case are $6,535.88 which is 2.4% of the gross settlement. Liberty Mutual will pay its 41.6% pro rata share of expenses, which is $2,723.28. The plaintiff will pay his 58.4% pro rata share expenses, which is $3,812.60.

7. The worker's compensation case remains open for medical benefits only. Liberty Mutual is entitled to a "Hunter" offset of 34.55% against future medical benefits. Liberty Mutual will pay 34.55% of any future M.G.L. Chapter 152 benefits until the plaintiff has been reimbursed his share of attorney fess and costs in the amount of $55,416.68 and Liberty Mutual has exhausted its offset of $105,000.00. Thereafter, Liberty Mutual will pay 100% of any Chapter 152 benefits which become due.

8. The petitioners believe that, in light of the uncertainties and costs of litigation, $275,000.00 is a fair and reasonable settlement of the plaintiff's claims against the defendants.

9. The settlement will be disbursed as follows:   $ 275,000.00

| | |
|---|---|
| Liberty Mutual's Lien (compromised) | $ 114,583.32 |
| Attorney's Fee 32.17% paid to Sullivan & Sullivan, LLP (reduced fee) | ($ 36,860.04) |
| Pro Rata Expenses 41.6% | ($ 2,723.28) |
| **Net to Liberty Mutual** | **$ 75,000.00** |
| Plaintiff | $ 160,416.68 |
| Attorney's Fee 32.17% Paid to Sullivan & Sullivan, LLP (reduced fee) | ($ 51,604.08) |
| Pro Rata Expenses 58.4% | ($ 3,812.60) |
| **Net to Plaintiff** | **$ 105,000.00** |

10. Expenses:
    Filing & Service Fees (including service
    On SIO APS in Denmark through the
    Hague Convention)                                  $ 1,522.00
    Experts                                             $ 3,448.60
    Miscellaneous Costs, Copies & Mail                  $   302.78
    Mediation Fee                                       $ 1,262.50

    **Total Expenses**                                  **$ 6,535.88**

WHEREFORE, for the reasons stated above, the petitioners respectfully request that this Court approve the settlement as fair and reasonable.

The plaintiff,

/s/James M. Nicholson
James M. Nicholson

| | |
|---|---|
| The plaintiff,<br>JAMES M. NICHOLSON<br>By his attorneys, | The defendant,<br>SIO APS<br>By its attorneys, |
| /s/Richard J. Sullivan<br>Richard J. Sullivan, BBO#554085<br>Owen R. O'Neill BBO#552519<br>Sullivan & Sullivan, LLP<br>40 Washington Street<br>Wellesley, MA 02481<br>(781) 263-9400 | /s/Michael Johnson<br>Michael Johnson, BBO#641827<br>Boyle, Morrissey & Campo, P.C.<br>695 Atlantic Avenue<br>Boston, MA 02111<br>(617) 451-2000 |
| Liberty Mutual Insurance Company<br>By its attorneys, | The defendant,<br>Michelin North America, Inc.<br>By its attorneys |
| /s/Ernest Palazzolo<br>Ernest Palazzolo, Esq., BBO#637443<br>Regional Subrogation Counsel<br>Law Offices of Brown & Black<br>200 Berkeley Street, 16th Floor<br>Boston, MA 02116<br>(617) 236-1900 | /s/Richard Edwards<br>Richard Edwards, BBO#151520<br>Campbell, Campbell, Edwards<br>   & Conroy, P.C.<br>One Constitution Plaza<br>Boston, MA 02129<br>(617) 241-3016 |

By the Court:

_____, J.

3